NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-35715 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-05703-DGE-2 |
| v. | |
| LAWANDA JOHNSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted September 12, 2023**

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Former federal prisoner Lawanda Johnson appeals pro se from the district

court's orders denying her petition for a writ of error coram nobis and motions for

reconsideration.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and we

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument, *see* Fed. R. App. P. 34(a)(2), and we therefore deny
Johnson's request for oral argument.

affirm.

We agree with the district court that none of Johnson's claims entitles her to coram nobis relief. *See id*. at 1006 (stating requirements for coram nobis relief). First, Johnson's claims regarding a prosecution witness and a change in federal regulations do not establish an error of the most fundamental character. Second, Johnson has not demonstrated a valid reason for not raising earlier her claim regarding the government's alleged failure to provide relevant documents. Lastly, Johnson has not established an error of the most fundamental character or a valid reason for failing to raise the claims earlier with respect to her claims that the government's closing argument impermissibly referred to a statement from a witness who did not testify, and that she could not intend to commit health care fraud because one of her clinics was certified as a rural health clinic.

Furthermore, the district court did not err by deciding Johnson's petition without an evidentiary hearing because the record conclusively shows that Johnson is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions.").

We do not address Johnson's remaining arguments for coram nobis relief because they were not properly presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (this court generally will not review

issues raised for the first time on appeal); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (claim for relief is not properly raised before the district court if it is not made in the principal motion, and such a claim is therefore "not cognizable on appeal").

Appellant's motions for judicial notice are denied.

**AFFIRMED.**